RAMÓN P. DÍAZ GARCÍA, Plaintiff and Appellant, *v.* JOAQUINA ANNEXY DE NAVARRO, Defendant and Appellee.

No. 6281. Argued March 7, 1934.—Decided March 16, 1934.

*R. Díaz Collazo* for appellant. *S. O'Neill* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a suit for an injunction to recover the possession of a certain strip of land, brought under the provisions of Act No. 43, approved March 13, 1913 (Session Laws, p. 83), as amended by Act No. 11 of November 14, 1917 (Session Laws (II), p. 220), both according to the theory of the plaintiff-appellant, and as it was understood by the defendant-appellee and by the district court itself.

The defendant interposed a demurrer to, and then answered the complaint. A trial was had. Both parties presented their evidence, and the judge presiding made an inspection of the strip of land in dispute.

The decision rendered was adverse to the plaintiff, who appealed to this court, and assigned in his brief six errors. In assignments 2, 3, and 4, it is urged that the court erred in weighing the evidence; in the first assignment, that the court erred in holding that the case involves a question of ownership rather than one of possession; in the fifth assignment, that the court erred in holding "that the complaint departs somewhat from the rules established for this kind of action"; and in the sixth, that the court erred in not excluding attorney's fees from the award of costs against the plaintiff. The trial court is also charged with passion, prejudice, and partiality.

We have studied carefully the allegations and the evidence, and we think that, under any aspect in which the case may be considered, the judgment must be affirmed.

We believe not only that the presiding judge was correct in finally stating that the complaint departed somewhat from the rules established for the possessory action, but also that perhaps he ought from the beginning to have sustained the demurrer presented by the defendant upon the grounds, that the complaint failed to state facts sufficient to constitute a cause of action, and that it was ambiguous, unintelligible, and uncertain.

We also consider as correct the conclusion of the district judge that what is raised by the record is a conflict of title, rather than of possession.

And so far as possession is concerned, the evidence introduced was not, in our opinion, weighed with passion, prejudice, or partiality in favor of the defendant, but honestly. It seems desirable to see what the trial judge said. In the statement of the case and opinion forming the basis of his judgment, he says:

"The plaintiff testified that he was the owner of a house located in Manatí, in which he had been residing since the year 1919; that between his house and that belonging to the Estate of Annexy, there is an alleyway, which, according to his understanding, belonged to his yard; that he had been informed that Mr. Gandía Córdova was keeping the gate of the alleyway closed and that the Annexy family have had windows in the lower part of their house for about ten years, which looked out on the alleyway. Mr. Gandía Córdova testified that he had been owner of that house during seventeen years and that he had transferred it to the plaintiff; that his lot included the alleyway which lies to the west and separates the house of the plaintiff from that of the Annexy family; that the defendant had ordered him to take off the gate and before that had ordered him to paint it; that the plaintiff took possession of the alleyway about ten years ago in spite of the fact that he told her he would take it to court; that the alleyway had no communication with the yard of the plaintiff's house and that the latter has no doors opening into the alleyway, only has windows, and that about eight years ago the de-

fendant converted some windows in her house looking out on to the alleyway into doors which give access to the same.

"The testimonial evidence of the defendant tended to show that her house has had doors opening into the alleyway for more than forty years and that, prior to the building of Mr. Gandía's house, the Annexy family had a hen house in the alleyway.

"*     *     *     *     *     *     *

"The judge made an ocular inspection on the day of the trial and looked over the alleyway in question and all the surroundings. The house of Mr. Díaz is of two stories; he occupies the second story and Mr. Gandía Córdova the lower story; and the latter has several windows about one meter from the ground which receive light from the said alleyway. On the other hand, the Annexy house has several doors leading into the said alleyway. This shows that the occupants of the lower story of the building of the Annexy family can enter and go out by the alleyway without any difficulty at all, while those who live in the plaintiff's house in order to get into the alleyway would· have to jump through one of the windows. Another of the things observed by the judge and which was forcibly brought to his attention is: That the residence of the Annexy family is quite old; this is not true of the plaintiff's residence, which is constructed of concrete blocks, showing at first sight that it is of relatively recent construction.

"The evidence of the plaintiff is extremely weak and, in our opinion, does not show the possession of the alleyway in question at any time prior to the filing of the complaint. The plaintiff knows nothing of his own knowledge. Everything that he knows about this case is by hearsay and his principal witness, Mr. Gandía Córdova, who built the house which today belongs to the plaintiff and who lives in the lower story, took it upon himself to show precisely the opposite; that is, that the defendant has been in possession of the alleyway in question for ten years. To offset this evidence, the defendant showed that she had been in possession of the passage for many years, and furthermore the ocular inspection made by the judge convinced us of the truth of Mrs. Annexy's version.

"From the whole of the evidence introduced by the parties, it clearly appears that the essence of this controversy is that each of the litigants alleges that the alleyway in dispute forms part of his lot. This is seen when Mr. Gandía Córdova testified that the defendant had taken possession of the alleyway about ten years ago in spite of the fact that he told her that he would take her to court for it.

And in that part of the testimony of Mrs. Annexy, where she stated: 'Many times has don Julio wanted to be owner of the alleyway but I won't let him because it is ours.' "

Such being the result of the evidence, the following conclusions of law of the court below are completely justified, to wit:

"To determine any ownership rights which the litigants may have or claim in the alleyway in dispute is not proper, or even adequate, in a proceeding for an injunction to recover possession. This has been so repeatedly held that it has almost become a juridical axiom. Our Supreme Court, in deciding the case of *Fajardo Sugar, etc.* v. *Cent. Pasto Viejo,* reported in volume 41, page 817, expressed itself as follows: 'In injunction proceedings to recover possession the only question to be considered and decided is the fact of possession; questions relating to the right or title under which possession is held cannot properly be considered in such proceedings.' See also the following cases: *Fernández* v. *González,* 41 P.R.R. 719; *Vicente* v. *Ortiz,* 38 P.R.R. 95; *Echevarría et al.* v. *Saurí,* 38 P.R.R. 661."

The award of costs, including attorney's fees, was inescapable, under all the circumstances of the case.

The judgment appealed from must be affirmed.